

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,564-01

### EX PARTE DAMIAN BLAIN ALLEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR15255-A IN THE 220TH DISTRICT COURT
### FROM BOSQUE COUNTY

*Per curiam.*

## O R D E R

Applicant pleaded guilty to delivery of a controlled substance in a drug free zone in exchange for deferred adjudication community supervision. He later pleaded true to violating the terms of his deferred adjudication community supervision in exchange for a sentence of five years' imprisonment, to run concurrently with a two-year sentence after revocation of community supervision in an aggravated assault case. Applicant did not appeal his conviction or adjudication. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On May 12, 2021, this Court remanded this matter to obtain affidavits and findings addressing Applicant's claims of ineffective assistance of counsel and involuntary plea at

adjudication. The trial court appointed habeas counsel and apparently conducted a live habeas hearing on August 23, 2021. After the habeas hearing, the trial court made supplemental findings of fact and conclusions of law. On September 2, 2021, this Court received the supplemental record after remand. The supplemental record included the trial court's supplemental findings of fact and conclusions of law, but did not include a transcript of the August 23, 2021 habeas hearing.

On September 10, 2021, this Court ordered the district clerk to supplement the record by either forwarding to this Court a copy of the habeas hearing transcript, or certifying in writing that the reporter has not transcribed the hearing. The clerk was ordered to respond within thirty days from the date of the order but the clerk has not responded to this Court's order.

We remand this application to the trial court, which shall ensure that the habeas record is supplemented with a copy of the transcript of the habeas hearing conducted on August 23, 2021. The trial court shall respond within thirty days from the date of this order. Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 13, 2022
Do not publish